UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Russell Leon David, Sr., #240689, | ) | C/A No. 9:12-3592-RBH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Warden McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Russell Leon David, Sr. ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner incarcerated at the Lee Correctional Institution in Bishopville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*), and a federal district court is charged with liberally construing a petition filed by a *pro se*



litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).

However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner alleges that on March 19, 1997, he was convicted on several criminal charges, including murder and kidnaping, in the Laurens County Court of General Sessions, and received a sentence of life imprisonment. ECF No. 1-2 at 1. Petitioner alleges that although he did not file a direct appeal; ECF No. 1-2 at 2; his attorneys provided ineffective assistance of counsel by failing to request or file a direct appeal. ECF No. 1-2 at 34–35. Petitioner also alleges he has not yet filed an application for post-conviction relief ("PCR") in state court; ECF No. 1-2 at 3, 6–9; and that the grounds for relief raised in this § 2254 action have not been presented to the highest state court having jurisdiction. ECF No. 1-2 at 12. He goes on to state, however, that although he has not had a post-conviction relief action, he would like to have one. ECF No. 1-2 at 42–43. In the petition, Petitioner appears to raise several grounds for relief including ineffective assistance of counsel, that his confession was coerced, and that his guilty plea was not voluntary, all in violation of his constitutional rights. ECF No. 1-2 at 1–42. He also alleges that the State has admitted that his confession was coerced and in violation of the Fourteenth Amendment. ECF No. 1-2 at 58.



Petitioner appears to request that his conviction be vacated such that he may have a fair trial. ECF No. 1-2 at 1–42.

It is apparent from a review of the materials filed in this case that this petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because Petitioner has not yet exhausted his state court remedies. With respect to his conviction and sentence, Petitioner may seek a writ of habeas corpus under 28 U.S.C. § 2254 only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"). To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal is filed and is ultimately unsuccessful (or if no direct appeal is filed), a petitioner may file an application for PCR in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, the petitioner can then file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one



complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

In this case, although Petitioner did not file a direct appeal, he makes allegations of ineffective assistance of counsel related to the failure to file a direct appeal. He further alleges that the State has admitted that his confession was coerced and obtained in violation of the Fourteenth Amendment. Accordingly, it is not clear whether the state PCR statute of limitations period, contained in S.C. Code Ann. § 17-27-45, has expired. *See* S.C. Code Ann. § 17-27-45(B) and (C); *see also Wilson v. State*, 559 S.E.2d 581, 582–83 (S.C. 2002) (explaining that the one-year PCR statute of limitations should not be applied where the applicant was denied his direct appeal due to ineffective assistance of counsel). Thus, at this point, there may be available state corrective process available; *see* 28 U.S.C. § 2254(b)(1)(B); and this United States District Court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (holding that where a state court grants a defendant the right to file an out-of-time direct appeal during state collateral review the judgment is not yet final for purposes of the AEDPA statute of limitations).

## Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. This will allow the



Petitioner to attempt to obtain state PCR relief (which he indicates in his Petitioner he would like to do).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 12, 2013
Charleston, South Carolina



5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

